IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRALE JEROME HILL-PRICE, | Civil No. 3:24-cv-948 |
| Petitioner | (Judge Mariani) |
| v. | |
| SUPERINTENDENT MASON, *et al.*, | |
| Respondents | |

**MEMORANDUM**

Petitioner Tyrale Jerome Hill-Price ("Hill-Price") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Cumberland County, Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will deny Hill-Price's writ of habeas corpus.

**I.   Background**

On March 3, 2021, Hill-Price pled guilty to third-degree murder as an accomplice and criminal conspiracy to commit robbery.[1] *Commonwealth v. Hill-Price*, No. CP-21-CR-0003334-2019 (Pa. Ct. Com. Pl. Cumberland Cnty.). On April 9, 2021, the trial court

---

[1] On November 12, 2017, officers from the Carlisle Police Department responded to a report of gunshots fired at a residence in Carlisle Borough. (Doc. 9-13, at 67-70). Upon arrival, detectives discovered Rhyhiem Dwaine Hodge deceased with multiple gunshot wounds. (*Id.*, at 11-12, 67-70). Ultimately, Christopher Williams (Hill-Price's co-defendant) was charged with criminal homicide in relation to the shooting death of Rhyhiem Dwaine Hodge. (*Id.*, at 8-12, 67). The record reflects that Williams had given grand jury testimony against Hill-Price and was required to testify against Hill-Price as part of his plea agreement, had Hill-Price gone to trial. (*Id.*, at 8-9, 94-95, 104).

sentenced Hill-Price to an aggregate term of incarceration of 20 to 50 years of imprisonment. (*Id.*). Hill-Price did not file a direct appeal. (*Id.*).

On May 6, 2021, Hill-Price filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 9-2). PCRA counsel was subsequently appointed, and counsel filed an amended PCRA petition. (Docs. 9-3, 9-5). Therein, Hill-Price argued that he received ineffective assistance of plea counsel because counsel never filed a motion to suppress evidence related to a cell phone recovered in a car allegedly used during the commission of the crime. (Doc. 9-5). A PCRA hearing was held on September 24, 2021. (Doc. 9-13). The following individuals testified at the hearing: plea counsel, a detective who assisted with the investigation, and Hill-Price. (*Id.*). During the hearing, Hill-Price testified that, although the cell phone was registered in his girlfriend's name, he received it from her as a gift. (*Id.*; *see also Commonwealth v. Hill-Price*, 301 A.3d 894, 2023 WL 3944040, at *3 (Pa. Super. 2023)). He further testified that he inadvertently misplaced the cell phone instead of having voluntarily abandoned it. (*Id.*). Plea counsel testified that a motion to suppress would have likely been unsuccessful on the following grounds: Hill-Price's lack of having an expectation of privacy in the phone, the fact that Hill-Price appeared to have abandoned the phone in the abandoned car, and that evidence of Hill-Price's involvement connecting him to the vicinity of the killing would have been inevitably discovered. (*Id.*). Following the hearing, the PCRA court dismissed the petition. (Doc. 9-7).

Hill-Price filed a timely notice of appeal with the Pennsylvania Superior Court. (Doc. 9-8). On June 12, 2023, the Pennsylvania Superior Court affirmed the PCRA court's decision dismissing the petition. *Commonwealth v. Hill-Price*, 301 A.3d 894, 2023 WL 3944040. Hill-Price did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Hill-Price then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II.   Habeas Claims Presented for Federal Review

Hill-Price seeks habeas relief based on the following grounds:

- "Violation of [his] 6th and 14th Amendment[] [rights] of the United States Constitution."

- Ineffective assistance of counsel "when [counsel] told [Hill-Price] [he] did not have standing to challenge the warrantless search of [his] cell phone, which lead to [him] agreeing to [the] plea deal."

(Doc. 1, at 8, 10).

## III.   Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court

3

determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

A.   Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c)."). [2] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

---

[2] In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")). This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

---

from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Id.*

5

infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

### B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational

7

jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[3]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

    C.    <u>Ineffective Assistance of Counsel Standard</u>

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656

---

[3] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

8

(3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. See *Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV.  Discussion

### A.  Exhaustion of State Remedies

Respondents first argue that Hill-Price's claims are unexhausted because he failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court. (Doc. 9-1, at 9-13). The Court disagrees.

The record reveals that although Hill-Price did not file a direct appeal from his sentence, he filed a PCRA petition. (Docs. 9-2, 9-5). Following an evidentiary hearing, the PCRA court dismissed the PCRA petition. (Docs. 9-7, 9-13). Hill-Price filed a timely notice of appeal with the Pennsylvania Superior Court. (Doc. 9-8). Upon review, the Pennsylvania Superior Court affirmed the PCRA court's decision dismissing the petition. *Commonwealth*

v. Hill-Price, 301 A.3d 894, 2023 WL 3944040. Hill-Price did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Pennsylvania Supreme Court Order No. 218 allows a PCRA petitioner to file a federal habeas petition upon receiving the Pennsylvania Superior Court's dismissal order. Mattis v. Vaughn, 128 F. Supp. 2d 249, 261 (E.D. Pa. 2001), aff'd, 80 F. App'x 154 (3d Cir. 2003). The Superior Court's order exhausts the state law claims. See Lambert, 387 F.3d at 233-34. Therefore, the Court declines to dismiss the habeas petition based on failure to exhaust state court remedies.

B. Merits of the Claim

The crux of Hill-Price's claim is that plea counsel was ineffective for failing to file a suppression motion related to the search of his cell phone. (Doc. 1, at 8, 10). In affirming the PCRA court's decision, the Pennsylvania Superior Court aptly addressed this claim as follows:[4]

> Implicit in all [] of Hill-Price's issues is the notion that, but for counsel's advice to him regarding the likelihood of a suppression motion's success, he would not have agreed to a plea deal. Accordingly, Hill-Price is asserting an ineffective assistance of counsel claim. See Appellant's Brief, at 13 ("[Hill-Price] is alleging that his decision to plead guilty was based upon [plea counsel's] statements to him that [Hill-Price] did not have a basis to file a motion to suppress any or all evidence obtained as a result of the initial unconstitutional search of [his] cell phone.").

---

[4] On appeal from the PCRA court, the Pennsylvania Superior Court affirmed the order of the PCRA court. Commonwealth v. Hill-Price, 301 A.3d 894, 2023 WL 3944040; see also Doc. 9-7, PCRA order entered June 22, 2022. The Superior Court's opinion will be the primary reference point in addressing Hill-Price's ineffective assistance of counsel claim in the instant habeas petition.

This Court presumes counsel's effectiveness. *See Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). As such, to surmount this obstacle, a petitioner must demonstrate that: (1) his underlying claim has arguable merit; (2) counsel lacked a reasonable basis for its actions or omissions; and (3) the petitioner resultantly suffered actual prejudice. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). When the allegation of ineffectiveness relates to the petitioner's entry of a guilty plea, "actual prejudice" requires the petitioner to prove that there was a reasonable probability that but for counsel's error, he would have insisted on going to trial. *See Commonwealth v. Pier*, 182 A.3d 476, 479 (Pa. Super. 2018). The failure of a petitioner to meet any one of these three prongs is fatal to an ineffective assistance claim. *See Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Hill-Price's first three averments fall under the auspice of the "arguable merit" component of the ineffective assistance test. Taking the first two in tandem, Hill-Price asserts that, juxtaposed against officers finding the cell phone in the Kia, "[h]is testimony clearly demonstrated that he did not voluntarily discard, leave behind, or otherwise relinquish his expectation of privacy interest in the cell phone." Appellant's Brief, at 14. Therefore, Hill-Price did not abandon the cell phone and, too, because he "was the primary user of the phone," *id.*, at 15, he had a continuing expectation of privacy in that phone, notwithstanding the fact that the phone was registered under his girlfriend's name. As such, police officers unlawfully accessed his cell phone when they obtained "the phone number belonging to the phone, the model number of the phone, and the IMEI for the phone," Trial Court Opinion, 9/1/22, at 7, without having first applied for a warrant.

The court found plea counsel's testimony at the PCRA hearing to be "entirely credible[.]" *Id.*, at 12 (noting, further, that plea counsel had handled hundreds of criminal cases). Therein, plea counsel indicated that it was part of Williams's plea agreement that he was required to testify against Hill-Price. *See* PCRA Hearing, 9/24/21, at 8. However, plea counsel agreed that the cell phone "played a large part[ ]" in the case against his client. *Id.*

Plea counsel concluded that a suppression motion would have lacked merit and, had counsel filed such a motion, the Commonwealth would have taken "any plea offers off the table." *Id.*, at 24, 52 (establishing, too, that plea counsel attempted to use the threat of filing a suppression motion as leverage in plea negotiations). If Hill-Price had gone to trial, he "was facing life"

12

imprisonment. *Id.*, at 63. Plea counsel thoroughly discussed the potential suppression of the cell phone with Hill-Price, and after a lengthy discussion, Hill-Price accepted plea counsel's legal analysis and decided to accept the plea deal. *See id.*, at 26, 58.

In finding that a suppression motion would not have been meritorious, the PCRA court ascertained that police officers would have been able to obtain a search warrant for the cell phone irrespective of the information that was found in the initial warrantless search. *See* Trial Court Opinion, 9/1/22, at 15. In addition, Hill-Price would not have been able to demonstrate a privacy expectation in the cell phone and, too, effectively abandoned the device. *See id.* Moreover, the court found plea counsel's additional rationale for not filing a suppression motion to be reasonable: "pursuit of such a motion would have foreclosed the possibility of a negotiated plea in a case where a sentence in lieu of a plea bargain would have been life imprisonment, and where the suppression of the evidence at issue [given Williams's potential testimony] would by no means have assured [Hill-Price] of an acquittal." *Id.*

As to the issue of abandonment, "[g]enerally, the Fourth Amendment requires that law officers obtain a warrant before they intrude into a place of privacy; however, an exception to the warrant requirement exists when the property seized has been abandoned." *Commonwealth v. Kane*, 210 A.3d 324, 330 (Pa. Super. 2019) (citation omitted). "[T]o prevail on a suppression motion, a defendant must demonstrate a legitimate expectation of privacy in the area searched or effects seized, and such expectation cannot be established where a defendant has meaningfully abdicated his control, ownership or possessory interest." *Commonwealth v. Dowds*, 761 A.2d 1125, 1131 (Pa. 2000). Stated differently, "no one has standing to complain of a search or seizure of property that he has voluntarily abandoned." *Commonwealth v. Shoatz*, 366 A.2d 1216, 1220 (Pa. 1976).

In further expounding upon abandonment, our Supreme Court has defined it as "primarily a question of intent and may be inferred from words spoken, acts done, and other objective facts." *Dowds*, 761 A.2d at 1131. "All relevant circumstances existing at the time of the alleged abandonment should be considered." *Shoatz*, 366 A.2d at 1220. "The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a

13

reasonable expectation of privacy with regard to it at the time of the search." *Id.*

In addition to the question of abandonment, to have success on a suppression motion, Hill-Price was required to demonstrate a privacy interest in a cell phone that was not in his name. A defendant "must demonstrate that he held such a privacy interest which was actual, societally sanctioned as reasonable, and justifiable in the place invaded that the warrantless entry of the police violated his right under the Constitution of this Commonwealth...to be secure against unreasonable searches and seizures." *Commonwealth v. Peterson*, 636 A.2d 615, 617 (Pa. 1993) (citations omitted; formatting altered).

We emphasize that, to the extent either carries any validity, Hill-Price's arguments as to the issues of abandonment and cell phone-related privacy interests are substantially undeveloped. Each discrete section is one page in length and features only one-to-two pieces of authority that are themselves cursory rule statements. Furthermore, Hill-Price merely highlights his own self-serving testimony wherein he stated "that he did not voluntarily leave the cell phone behind but instead inadvertently misplaced it" and, also, "that the phone was his[.]" Appellant's Brief, at 14-15 (record citations omitted).

In its order dismissing Hill-Price's petition, the court held that:

> a suppression motion would have failed on the basis that [Hill-Price] would not have been able to establish standing or an expectation of privacy in the cell phone, nor has he successfully demonstrated in these proceedings that he could prove either. Police located the cell phone in a vehicle outside a hospital where one of [Hill-Price's] co-defendants was being treated for stab wounds after fleeing the scene of the homicide. [Hill-Price] was not present with the phone. [Hill-Price] had no expectation of privacy in the vehicle itself. [Hill-Price] was not present in or around the vehicle at the time police encountered it at the hospital. [Hill-Price] did not own the vehicle and had no apparent permission to use or occupy the vehicle, which was an Enterprise rental, rented to a woman of unknown relation to the three co-defendants and with no ties to the homicide, who reported the vehicle missing in Dauphin County. [Hill-Price] told police following the homicide that his cell phone, the one at issue here, was stolen, though he did not remember how it was stolen, presented varying stories about when the cell phone was stolen, and

> maintained that it was not in his possession at the time of the homicide, significantly evidencing an attempt to distance himself from the cell phone. Finally, [Hill-Price] did not own the phone, which instead was registered to and controlled by his then-girlfriend.

Order of Court, 6/22/22, at 2.

Other than general assertions to the contrary, and despite it being his burden to prove, Hill-Price has simply failed to demonstrate that there is merit to the contention that he did not abandon the cell phone. Similarly, Hill-Price has not convincingly explained his alleged privacy interest in the recovered phone that was owned by another.

However, beyond the merits of the suppression motion, the *most* fatal component of Hill-Price's ineffective assistance claim is his complete lack of refutation of plea counsel's additional reason as to why no suppression motion was filed:

> [Plea counsel] testified at the PCRA hearing that he firmly understood that filing a suppression motion would cease plea negotiations with the Commonwealth, which were already severely contentious in this case. [The PCRA court] note[s] that [Hill-Price] was facing life imprisonment and did in fact benefit significantly from the plea offer he accepted, which was a sentence of 15-40 years for [t]hird[-d]egree [m]urder and a consecutive 5-10 years for [c]onspiracy to [c]ommit [r]obbery. Secondly, plea counsel knew (and advised [Hill-Price]) that [Hill-Price] could still be convicted even if the motion was successful and fruits of the search were suppressed, as [Hill-Price's] co-defendant, who was present at the homicide and in the flight afterwards, *was in fact going to testify against [Hill-Price] and implicate him in the homicide as part of his own plea agreement*. Plea counsel testified that he believed filing a motion to suppress would have been much more damaging than helpful in effectuating [Hill-Price's] interests[.]

*Id.*, at 3-4 (record citations omitted; emphasis in original).

As Hill-Price has made no showing *whatsoever* that serves to contest the reasonableness of plea counsel's decision, an essential component in demonstrating ineffective assistance of counsel, we find that he has failed to

15

prove that he suffered from ineffective assistance. Specifically, even if the suppression motion would have been successful and all of the information extracted from the cell phone would have been suppressed at trial, Hill-Price provides no acknowledgment of the impact that Williams's testimony would have had against him nor does he discuss the determination by the court that he received a tangible benefit, i.e., a sentence reduction, through his assent to the plea agreement, something that, in accordance with plea counsel's testimony regarding the Commonwealth's plea offer, would not have happened had the suppression motion been filed. Consequently, in failing to contradict his plea counsel's express reasoning, Hill-Price never provided any evidence that his counsel's decision to not file a suppression motion was unreasonable.

*Commonwealth v. Hill-Price*, 2023 WL 3944040 at *6-7 (footnote omitted).

The Court finds that the above referenced findings and conclusions are objectively reasonable applications of *Strickland*. The foregoing analysis comports with *Strickland*'s proclamation that, "[b]ecause of the difficulties inherent in [evaluating an ineffective assistance of counsel claim], a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Here, the Pennsylvania Superior Court affirmed the PCRA court's conclusion that a suppression motion would have lacked merit and that "counsel had a reasonable basis for not having filed said motion." *Commonwealth v. Hill-Price*, 2023 WL 3944040 at *1, 5-7. Specifically, plea counsel testified that by not filing a suppression motion, plea negotiations continued, Hill-Price benefited from the plea offer he accepted and did not subject himself to a term of life imprisonment. Additionally, plea counsel testified that even if the suppression motion was

successful, Hill-Price's co-defendant was going to testify against Hill-Price and implicate him in the homicide as part of his own plea agreement. The state courts thus found that plea counsel had a reasonable basis for not filing a suppression motion. The state court's adjudication of Hill-Price's ineffective assistance of counsel claim regarding his plea counsel's failure to file a motion to suppress is consistent with, and a reasonable application of, *Strickland*. The Court will deny the ineffective assistance of counsel claim.

### V.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hill-Price fails to demonstrate that a certificate of appealability should issue.

## VI. Conclusion

The Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: February 20, 2025